UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                    :

UNITED STATES OF AMERICA        :
                                      :

       -v-                :

                                     :          19-CR-300 (VSB)

DARREL HARRIS,            :

                                     :          **<u>ORDER</u>**

                Defendant.   :

                                        :
--------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

On July 6, 2021, Defendant Darrel Harris ("Defendant" or "Harris") was sentenced to a term of fifty-five months imprisonment and three years of supervised release, after pleading guilty to being in possession of a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year.  (Doc. 68.)  Harris' term of supervised release commenced on May 12, 2023.

On December 15, 2023, the U.S. Probation Office requested that summons be issued against Defendant for a violation of his conditions of supervised release.  In the violation memorandum, Harris was charged with five specifications, including attempted murder.  On December 19, 2023, Defendant's violation of supervised release ("VOSR") proceeding was initiated through issuance of summons, which I signed.  On February 7, 2024, I held an initial VOSR hearing, where Defendant was arraigned on the five specifications detailed in the violation report.  That same day, on February 7, 2026, I ordered that Harris be remanded back to the custody of the United States Marshals Service.  (*See* Doc. 69.)  Over the next approximately two years, the parties filed multiple consent letter motions, which I endorsed, to adjourn the VOSR hearing due to the parallel state court case, which the parties believed was "advantageous

1

. . . to advance before a next appearance before [this] Court." (Docs. 83, 87, 89; *see also* Docs. 91, 93 (adjourning VOSR hearing dates because parallel state case was calendared for upcoming trial and the parties believed "that it is advantageous for the state court case to conclude before a next appearance before [this] Court"), 94 (same).) Harris' current term of supervised release expired on May 11, 2026.

I am in receipt of the Government's May 8, 2026 letter explaining that I continue to have jurisdiction over Defendant's violation proceedings past the May 11, 2026 expiration of his current term of supervised release, (Doc. 106), and Defendant's opposition letter, (Doc. 111). "Courts are authorized to revoke supervised release and impose a prison sentence even after the supervised release term has expired, provided the Court does so within 'any period reasonably necessary for the adjudication of matters arising before its expiration' and 'before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.'" *United States v. Hightower*, No. 07-CR-1111, 2021 WL 3271826, at *2 (S.D.N.Y. July 29, 2021) (quoting 18 U.S.C. § 3583(i)). The Second Circuit has made clear that long delays can be "reasonably necessary," permitting courts to retain jurisdiction over a VOSR proceeding, even after the supervised release term expires. *See, e.g.*, *United States v. Ramos*, 401 F.3d 111, 116–18 (2d Cir. 2005) (affirming that three different delay periods were reasonably necessary—which included (1) a seven-month delay from the end of supervised release to the state conviction, because the state court's determination was "plainly relevant" to whether a supervised release violation occurred; (2) a ten–month delay between state conviction and federal warrant execution, because defendant faced no prejudice or infringement of liberty interests; and (3) a seventeen-month delay between the execution of the federal arrest warrant for defendant's violation of his supervised release term and adjudication of supervised release violations, since

2

the defendant was not prejudiced by this delay and the proceedings were stayed for a substantial period of time at defendant's request to allow for the filing and adjudication of the motion to dismiss); *United States v. Spencer*, 640 F.3d 513, 518–19 (2d Cir. 2011) (holding that an eleven-month delay, caused by six adjournments that defendant consented to and then a four-month delay for the court to decide the revocation petition, was reasonable).

Defendant argues that "in light of the significant time that Mr. Harris has already been incarcerated" primarily in connection with the VOSR, this delay was not "reasonably necessary for adjudication of the violation . . . and this Court no longer has jurisdiction over the violation." (Doc. 111 at 1.) I disagree. These proceedings commenced through issuance of summons on December 19, 2023 and the delay in adjudicating the VOSR has been due to the parties' joint requests for adjournments pending conclusion of the parallel state court case. (*See, e.g.*, Docs. 90, 92.) Harris' supervised release term only expired on May 11, 2026—just 4 days before this order—and "[i]t is difficult for [Harris] to argue, after agreeing to [] months of delays, that a [less than one month delay] immediately thereafter was unreasonable." *Spencer*, 640 F.3d at 518. Moreover, "[g]iven that state adjudications are plainly relevant to the federal determination of whether or not a supervisee has committed a crime in violation of state law, it [is] not unreasonable for [me] to maintain the status quo—holding the VOSR in abeyance pending resolution of the state-court case." *United States v. McLeod*, No. 21-2642, 2022 WL 17825535, at *3 (2d Cir. Dec. 21, 2022) (summary order) (internal quotation marks omitted). In addition, I note that I was prepared to hold the violation hearing on May 4, 2026, but Harris requested to change counsel, and it was appropriate to give incoming counsel time to familiarize herself with the materials produced by the Government in connection with the violation hearing. Thus, I find that I continue to have jurisdiction under 18 U.S.C. § 3583(i) to revoke Harris' term of

supervised release and impose a new sentence even after the May 11, 2026 expiration of his supervised release term.

An evidentiary hearing on the violation is scheduled for May 29, 2026 at 12:00 p.m.  If the parties or the U.S. Probation Office are not available on this date, within one week of this order, the parties and Probation are directed to meet and confer and propose an alternate date setting the VOSR evidentiary hearing.

SO ORDERED.

Dated: May 15, 2026
       New York, New York

Vernon S. Broderick
United States District Judge

4